IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ROBERT M. McCOY,                )
                                )
        Plaintiff,               )
                                )
    v.                           )   Civil Action No. 17-787
                                )
NANCY A. BERRYHILL,              )
ACTING COMMISSIONER OF           )
SOCIAL SECURITY,                 )
                                )
        Defendant.               )

O R D E R

AND NOW, this 17th day of September, 2018, upon consideration of the parties' cross-motions for summary judgment, the Court, upon review of the Commissioner of Social Security's final decision denying Plaintiff's claim for Disability Insurance Benefits under Subchapter II of the Social Security Act, 42 U.S.C. § 401, et seq., and denying Plaintiff's claim for supplemental security income benefits under Subchapter XVI of the Social Security Act, 42 U.S.C. § 1381, et seq., finds that the Commissioner's findings are supported by substantial evidence and, accordingly, affirms. See 42 U.S.C. § 405(g); Jesurum v. Secretary of U.S. Department of Health & Human Services, 48 F.3d 114, 117 (3d Cir. 1995); Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992), cert. denied sub nom., 507 U.S. 924 (1993); Brown v. Bowen, 845 F.2d 1211, 1213 (3d Cir. 1988). See also Berry v. Sullivan, 738 F. Supp. 942, 944 (W.D. Pa. 1990) (if supported by substantial evidence, the Commissioner's decision must be affirmed, as a federal court may neither reweigh the evidence, nor reverse, merely because it

would have decided the claim differently) (citing Cotter v. Harris, 642 F.2d 700, 705 (3d Cir. 1981)). See also Monsour Medical Center v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986).[1]

---

[1] Plaintiff argues that the Administrative Law Judge ("ALJ") erred in failing to give sufficient consideration to a non-service-connected disability pension ("NSCDP") awarded to him by the Department of Veterans' Affairs ("VA"). He argues that this pension award may have been entitled to greater weight under what he proposes as a "middle ground" approach under Kane v. Heckler, 776 F.2d 1130 (3d Cir. 1985). He asserts, therefore, that the case should be remanded for further review. The Court disagrees and finds that the ALJ's consideration of the NSCDP was adequate and supported by substantial evidence.

In Kane, the Court of Appeals for the Third Circuit, in remanding a Social Security appeal, stated, *inter alia*, that a determination of disability by another government agency, such as the VA, is entitled to "substantial weight." 776 F.2d at 1135 (citing Lewis v. Califano, 616 F.2d 73, 76 (3d Cir. 1980)). The Third Circuit did not elaborate as to what this substantial weight would entail, but it is clear, both from subsequent case law and Social Security Administration ("SSA") regulations (as discussed below), that this is something less than controlling weight. Indeed, Plaintiff himself does not suggest that the VA's NSCDP award is entitled to controlling weight in this case, but rather, that it may be entitled to more weight than given to it by the ALJ under a "middle ground" approach. He argues that in cases where the VA assesses a 100 per cent disability rating or otherwise determines that a claimant is unemployable, such a determination cannot be procedurally discounted but, instead, requires a substantive discussion and weight analysis. Plaintiff does not maintain that such a determination should presumptively be given "substantial weight," but rather that there must be substantive support for the weight given beyond the mere fact that a different agency made the decision under different rules. The Court actually finds some merit in Plaintiff's explanation of the proper standard to be applied, but finds, in any event, that the ALJ met this suggested standard.

SSA regulations and rulings provide for a process similar to the middle ground approach suggested by Plaintiff in cases dealing with VA disability determinations generally. One point on which there seems to be no disagreement is that, whatever the weight to be afforded to a VA disability decision, such a decision is not binding on an ALJ in a Social Security case. It is also generally agreed upon that, despite this fact, the ALJ is required to consider and evaluate such evidence. See 20 C.F.R. §§ 404.1504, 416.904; SSR 06-3p, 2006 WL 2329939, at \*\*6-7 (S.S.A.). But see 81 FR 62560-01, at 62564-65 (Sept. 9, 2016) (recommending that the SSA should not need to consider or articulate consideration of decisions from other governmental and nongovernmental agencies). This certainly makes sense given the substantial differences between the VA disability rating process and a disability determination by the SSA, as Judges Jones and Cohn extensively explained in McCleary v. Colvin, 187 F. Supp. 3d 497, 535-43 (M.D. Pa. 2016). To this end, courts in this Circuit have applied something akin to Plaintiff's proffered standard, finding generally that a VA disability determination cannot be rejected solely on the basis of the differences between the disability standards of the VA and SSA, but rather that the determination must be considered and weighed in light of the record evidence. See, e.g., Pimentel v. Berryhill, Civ. No. 15-2061, 2017 WL 4284559, at \*3 (M.D. Pa. Sept. 27, 2017);

Therefore, IT IS HEREBY ORDERED that Plaintiff's Motion for Summary Judgment (document No. 14) is DENIED, and Defendant's Motion for Summary Judgment (document No. 16) is GRANTED.

                                                                          s/Alan N. Bloch
                                                                          United States District Judge

ecf:           Counsel of record

---

Kichman v. Colvin, Civ. No. 15-957, 2016 WL 8115733, at **18-19 (M.D. Pa. Dec. 28, 2016); Burczyk v. Colvin, Civ. No. 15-1421, 2016 WL 3057668, at *2 (W.D. Pa. Mar. 31, 2016); Webb v. Colvin, Civ. No. 14-250, 2015 WL 2401717, at *10 (W.D. Pa. May 20, 2015).

     The ALJ in the present case did precisely that, as she considered and discussed the VA's NSCDP award at significant length and gave it limited weight. Although she acknowledged that the VA determination was not binding on her, she expressly indicated that she was required to consider it. She then found the VA's disability determination to be inconsistent with the medical evidence and Plaintiff's activities of daily living. (R. 22). Accordingly, she did not dismiss the VA's determination on mere procedural grounds, but considered it in the context of the evidence as a whole. Such analysis satisfies the standards set forth in the case law and regulations.

     This is consistent with the way courts have handled cases even where the VA has found the claimant to be 100 per cent disabled or otherwise unemployable. Indeed, courts have routinely approved findings giving VA disability determinations little or limited under such circumstances. See Burczyk, 2016 WL 3057668, at *2; Pimentel, 2017 WL 4284559, at *3. The Court further notes that while the VA here did award Plaintiff the NSCDP, it did not assess a disability rating either of 60 per cent to any single disability or 70 per cent to any two with at least one rateable at 40 per cent. (R. 660). The award was, in fact, expressly based on other factors as well.

     Accordingly, the ALJ here adequately discharged her duty to consider the VA's disability determination and substantial evidence supports her decision. As such, there is no reason to remand this matter, and the Court therefore affirms.